UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES ROBERT PITTS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARK A. GRANT, in his individual capacity, LEON GATES, in his individual capacity, and KEVIN HOLDER, in his individual capacity,<br><br>　　　　Defendants. | CIVIL ACTION NO.:<br>1:20-CV-03021-JPB |

## **ORDER**

This matter is before the Court on Kevin Holder's ("Defendant") Motion for Judgment on the Pleadings [Doc. 12]. This Court finds as follows:

## BACKGROUND

According to the allegations in James Robert Pitts's ("Plaintiff") Complaint, Judge Pinkie Toomer, a probate judge for Fulton County, presided over Plaintiff's mother's estate from 2008 until January 2017. [Doc. 1-2, p. 4]. Plaintiff alleges that during this time, he repeatedly complained about the way Judge Toomer handled the estate. Id. For instance, in 2016, Plaintiff filed a Formal Letter of Complete Disagreement, an Emergency Motion for Hearing to Litigate and Enforce the Probate Court's October 8, 2012 Order and a Statement of

Claim/Motion to Vacate Void Judgment. Id. at 5. Plaintiff asserts that because Judge Toomer did not issue a decision on any of these motions or respond in any way, he lodged a complaint with John Eaves, a former Fulton County Commissioner. Id. at 6. Shortly thereafter, on January 12, 2017, Judge Toomer voluntarily recused herself from the Estate of Fannie R. Pitts. Id. Plaintiff believes that the recusal was due to "her participatory misconduct in the handling of" his mother's estate. Id.

On the same day as the recusal, Plaintiff asserts that Mark Grant and Leon Gates, both law enforcement officers with the Fulton County Sheriff's Office, were called to the chambers of Judge Toomer to investigate a suspected threat. Id. at 7. While in Judge Toomer's chambers, Plaintiff alleges that the law enforcement officers called Defendant, an employee of the Council of Probate Judges in Georgia. Id. Defendant allegedly told the law enforcement officers that he had received several non-threatening voicemails from Plaintiff regarding Judge Toomer's handling of his mother's estate. Id. According to Plaintiff's allegations, Defendant went on to tell the law enforcement officers that a call, allegedly from Plaintiff, was transferred to him. Id. Plaintiff contends that Defendant told the law enforcement officers that the caller said something to the effect of "I understand

why people shoot elected officials" and that he would "take care of that black bitch [himself]." Id. at 8.

On February 3, 2017, a grand jury indicted Plaintiff with one count of intimidating a court officer, one count of terroristic threats and one count of harassing communications. Id. at 7. Plaintiff asserts that he was indicted based solely on statements made by Defendant to the law enforcement officers. Id. Plaintiff was subsequently arrested on February 14, 2017. Id. at 3. Around four months later, on June 26, 2018, Judge Craig L. Schwall of the Fulton County Superior Court dismissed all charges against Plaintiff. Id.

Plaintiff brought this action against Defendant, Grant and Gates on April 17, 2020, asserting a claim for malicious prosecution and a claim for punitive damages. On July 27, 2020, Grant and Gates moved for dismissal. [Doc. 5]. Their motion was granted on February 2, 2021, and all claims against Grant and Gates were dismissed. [Doc. 22]. Defendant filed the instant Motion for Judgment on the Pleadings on September 3, 2020. [Doc. 12]. The motion is now ripe for review.

## LEGAL STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Perez

3

v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (citation and punctuation omitted). When a district court analyzes whether a party is entitled to judgment on the pleadings, it must "accept as true all material facts alleged in the non-moving party's pleading, and . . . view those facts in the light most favorable to the non-moving party." Id. Essentially, "[t]he ultimate question on a motion for judgment on the pleadings under Rule 12(c) is the same as on a motion to dismiss under Rule 12(b)(6)—whether the complaint states a claim for relief." Powers v. Sec'y, U.S. Homeland Sec., 864 F. App'x 754, 757 (11th Cir. 2021).

     Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although courts must make reasonable inferences in the plaintiff's favor, at the pleading stage, the court is not required to draw every inference the

plaintiff suggests. Powers, 846 F. App'x at 757. At a minimum, the complaint must contain enough inferential allegations from which the court can identify each of the material elements necessary to sustain a recovery under some viable legal theory. Id.

## ANALYSIS

"Malicious prosecution is a Fourth Amendment violation and a 'viable constitutional tort cognizable under [42 U.S.C. § 1983].'" Holland v. City of Auburn, 657 F. App'x 899, 902 (11th Cir. 2016). To establish a claim for malicious prosecution under § 1983, a plaintiff must plead a violation of his Fourth Amendment right to be free from an unreasonable seizure and the elements of the common law tort of malicious prosecution. Id. While a malicious prosecution claim encompasses both state and federal law, the elements are ultimately controlled by federal law. Id. The common law tort elements include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff's accused's favor; and (4) caused damage to the plaintiff accused." Id.

In his Motion for Judgment on the Pleadings, Defendant challenges Plaintiff's inability to satisfy the first two common law elements, *i.e.*, that Defendant instituted or continued the criminal prosecution against Plaintiff and did

so with malice and without probable cause. Defendant further challenges Plaintiff's failure to plausibly allege a Fourth Amendment seizure. Alternatively, Defendant argues that he is entitled to qualified immunity.[1]

    1. <u>Common Law Elements</u>

Defendant contends that dismissal is required because Plaintiff has not sufficiently alleged that Defendant instituted or continued the criminal prosecution against Plaintiff or did so with malice. The Court agrees that Plaintiff has failed to meet the pleading standard.

As an initial matter, it is important to note that Plaintiff's Complaint contains allegations that are no more than conclusions. "Conclusory allegations are not entitled to the assumption of truth." <u>McCollough v. Finley</u>, 907 F.3d 1324, 1333 (11th Cir. 2018). For instance, Plaintiff alleges that Defendant acted with "willful malice" and "intentionally and knowingly provided false information about [Plaintiff] to the prosecutor." [Doc. 1-2, p. 2, 14]. Because these allegations are conclusory and not supported by factual assertions, the allegations will not be considered.

---

[1] Because Plaintiff's Complaint fails to state a claim, this Court does not consider Defendant's alternative argument.

After discarding the conclusory allegations, this Court must assume that any remaining factual allegations are true and determine whether they state a plausible claim.  Those factual allegations are summarized here.  Plaintiff's Complaint reveals that law enforcement officers were called to Judge Toomer's chambers to investigate a suspected threat.  Id. at 7.  While the law enforcement officers were in Judge Toomer's chambers, Judge Toomer called Defendant and put him on speaker.  Id.  Defendant relayed to Judge Toomer and the law enforcement officers that he had "received several non-threatening voice mails on his phone from [Plaintiff] in reference to a previous case heard by [Judge Toomer]."  Id.  Defendant "went on to say that a call allegedly from [Plaintiff] was transferred to him," and in that phone call, the caller made threats against Judge Toomer.  Id.  Based on Defendant's information, Gates and Grant applied for a warrant for Plaintiff's arrest.  Id. at 14.  The case was then presented to a grand jury, and the grand jury returned a bill of indictment.  Id. at 15.  Plaintiff was arrested eleven days later.  Id.

In this case, Defendant argues that Plaintiff failed to sufficiently allege the first element—that Defendant instigated the prosecution of Plaintiff—because Defendant did not arrest Plaintiff, present the case to the grand jury or prosecute

Plaintiff.  Instead, Defendant argues that the allegations show that he merely relayed facts to law enforcement officers.

As a general rule, "[m]aking statements to a detective in the context of a larger criminal investigation does not mean that individual initiated a criminal prosecution." Jones v. Butt, 643 F. App'x 926, 930 (11th Cir. 2016).  However, "[t]here is a fine line between cases where a party directly or indirectly urges a law enforcement official to begin criminal proceedings and cases where a party merely relays facts to an official who then makes an independent decision to arrest or prosecute." Harris v. Wal-Mart Stores East, LP, No. 1:11-CV-03406, 2013 WL 6795973, at *7 (N.D. Ga. Dec. 23, 2013).  Where a party merely relays facts to an official who makes an independent decision to arrest or prosecute, there is no liability for malicious prosecution.  Id.  On the other hand, a person may incur liability for unduly influencing the decision to prosecute by "providing information that is known to be false, misleading or materially incomplete."  Id.

Plaintiff pled no facts showing that Defendant provided information that was known to be false, misleading or materially incomplete.  Nor are there any allegations that Defendant fabricated the evidence.  Cf. Williams v. Miami-Dade Police Dep't, 297 F. App'x 941, 947 (11th Cir. 2008) (determining that malicious prosecution claim could proceed where the police officer fabricated evidence that

8

resulted in the prosecutor being presented with false and misleading evidence). Moreover, Plaintiff made no allegations that Defendant requested the arrest of Plaintiff or participated any further in the prosecution. To the contrary, the allegations show that it was the law enforcement officers who sought out the warrant and a prosecutor who presented the case to the grand jury. It does not even appear that Defendant was the individual who called police to report the threat. Rather, the law enforcement officers reached out to Defendant to obtain a statement after they were summoned to Judge Toomer's chambers. At most, the allegations show that Defendant made statements to the law enforcement officers in the context of the larger criminal prosecution. As such, Plaintiff has failed to satisfy the first element of his malicious prosecution claim.

As to the second element, Defendant argues that Plaintiff failed to allege any facts supporting the conclusory assertion that Defendant acted with malice. After reviewing Plaintiff's Complaint, this Court finds that it lacks any allegations that Defendant purposely misidentified Plaintiff as the caller who made the threats. Plaintiff's Complaint merely shows that Defendant relayed to law enforcement officers that a phone call from a person identified to him as Plaintiff was transferred to him and that caller made threats against Judge Toomer during that phone call. While the Complaint alleges that Defendant failed to take additional

steps to verify the identity of the caller, there are no well-pleaded facts showing that Defendant's failure to take those additional steps was motivated by malice or more than mere negligence.  Moreover, the allegations do not show that Defendant was even obligated to further investigate the identity of the caller.  None of the factual assertions plausibly show that Defendant knew or suspected that the caller was not Plaintiff or that Defendant made up the story entirely.  Moreover, none of the factual allegations show a plausible reason why Defendant would falsely accuse Plaintiff.  For instance, it is unclear whether Defendant was previously familiar with Plaintiff or the underlying probate case relating to Plaintiff's mother's estate.  It is also unclear whether Defendant often worked with Judge Toomer or just happened to be on the receiving end of a single phone call and several voice messages.  Ultimately, without factual assertions to support Plaintiff's conclusory allegation that Defendant acted with malice, the claim must fail.

    2. Fourth Amendment Seizure

In addition to the common law elements, Plaintiff must allege sufficient facts to show a violation of his Fourth Amendment right to be free from unreasonable seizures.  This component requires Plaintiff to show that the legal process justifying his seizure was constitutionally infirm.  Williams v. Aguirre, 965

F.3d 1147, 1165 (11th Cir. 2020).  To do this, Plaintiff must allege that an official, including an individual who did not apply for the warrant, intentionally or recklessly made misstatements or omissions necessary to support a warrant.  <u>Id.</u>

As explained in the section above, Plaintiff does not allege any facts showing that Defendant acted either intentionally or recklessly when he made the statement to the law enforcement officers.  Even assuming that Defendant never spoke with Plaintiff, and it was not Plaintiff who made the threats to Judge Toomer, there are no allegations which show that Defendant made the statement to the law enforcement officers in reckless disregard for the truth or that the entire phone call was fabricated.  While it is certainly possible that Defendant could have done more to ascertain the identity of the caller, the allegations do not show that Defendant was reckless in failing to further investigate the call or that Defendant intentionally lied about the phone call he received.  In sum, Plaintiff's Complaint fails to allege sufficient facts to show an unreasonable seizure, and therefore his malicious prosecution claim fails.

    3. <u>Plaintiff's Response in Opposition</u>

The Court will briefly address Plaintiff's arguments opposing dismissal.  In his response to Defendant's Motion for Judgment on the Pleadings, Plaintiff argues that Defendant "flat out lied" about Plaintiff, engaged in a "strategic effort" to

carry out a "vendetta" against Plaintiff, "fabricated statements and then unequivocally attributed" those statements to Plaintiff and failed to testify in court regarding the statements because "as an employee of Fulton county courts, [Defendant] knew the severity of perjury and did not want to expose himself before the Court by testifying to the lie he perpetuated to officers." [Doc. 16, pp. 1-3, 7]. Plaintiff goes on to argue that Defendant "deliberately dodged" testifying against Plaintiff and "skirted the legal system he was attempting to game." Id. at 12.

None of these allegations appear anywhere in the Complaint. The Eleventh Circuit Court of Appeals has repeatedly held that a plaintiff cannot amend his complaint through a response to a motion to dismiss. Burgess v. Religious Tech. Ctr., Inc., 600 F. App'x 657, 665 (11th Cir. 2015). As such, this Court will not consider these new allegations.

To the extent Plaintiff argues that these are not "new allegations" but reasonable inferences the Court should make, this argument also fails. The allegations raised for the first time in the response are not "reasonable inferences" that can be drawn from the well-pleaded facts of the Complaint. See In re Delta/Airtran Baggage Fee Antitrust Litigation, 733 F. Supp. 2d 1348, 1358 (N.D. Ga. 2010) ("[T]he court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint."); see also Am.

12

Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (recognizing that "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s]' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer").  Here, Plaintiff is not asking this Court to draw reasonable inferences.  Instead, he is attempting to supply new facts not pleaded in his Complaint.

      Overall, Plaintiff has not alleged facts sufficient to support an inference that the material elements of a malicious prosecution claim exist.  First, Plaintiff has not alleged facts sufficient to infer that Defendant initiated or continued the criminal prosecution against him, or that Defendant acted with malice.  Second, Plaintiff has not alleged facts sufficient to infer that Defendant recklessly or intentionally made false statements to law enforcement resulting in an unreasonable seizure.  Accordingly, Plaintiff fails to state any claim to relief that is plausible on its face, and thus Defendant is entitled to judgment on the pleadings.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings [Doc. 12] is **GRANTED**.  The claims against Defendant are **DISMISSED WITH PREJUDICE**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 26th day of July, 2021.

_____
J. P. BOULEE
United States District Judge